843 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 No. 87-2613.
 
 Marvelle WELSH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 5, 1988.
Decided April 1, 1988.
 Howard L. Cardin, Cardin & Gitomer, P.A. on brief for appellant.
 Breckinridge L. Willcox, United States Attorney, Larry Adams, Assistant United States Attorney on brief for appellee.
 Before K.K. HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvelle Welsh appeals the district court's dismissal of her petition seeking the return of an automobile seized by agents of the Federal Bureau of Investigation and forfeited pursuant to 21 U.S.C. Sec. 881 as property purchased with the proceeds of illegal drug activities. Welsh contends that the government failed to demonstrate probable cause for the seizure. We disagree and affirm.
 
 
 2
 The uncontraverted evidence developed at an evidentiary hearing revealed that Welsh purchased the automobile in question, a 1980 BMW 633 CSI, with a $10,000 cash down payment. Prior to its seizure, Welsh had told investigating agents that although the car was purchased in her name, it actually belonged to her cousin, Anthony Grandison, and that she never had possession of it. At the time of purchase, Welsh was accompanied by Grandison, a felon recently released from prison who was then under investigation for drug activities and for his suspected role in the homicide of federal witnesses. Other testimony and materials supplied to the court revealed that at about the same time as the purchase, Grandison had been stopped at an airport with $100,000 cash in his possession, and that his imprisoned common law wife had informed the government that Grandison purchased the BMW with the proceeds of drug transactions. Welsh did not testify at the hearing.
 
 
 3
 The district court was also aware that Grandison was subsequently arrested in connection with the government's seizure of illegal drugs valued at $250,000 and that he had purchased a Honda automobile for Welsh at the same dealership and in the same month as the BMW purchase. Grandison paid $9,500 in cash for the new Honda. It was seized outside of a hotel room where the drugs were found. In a separate and unappealed proceeding, the Maryland district court held that the government established probable cause for the seizure and forfeiture of the Honda.
 
 
 4
 On appeal, Welsh contends that the government failed to establish probable cause for the seizure of the BMW. We have held, however, that "[t]o secure forfeiture of property under [21 U.S.C. Sec.] Sec. 881(a)(6) and (b)(4), the government need only establish 'probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.' " Boas v. Smith, 786 F.2d 605, 609 (4th Cir.1986) (quoting United States v. $364,960 in United States Currency, 661 F.2d 319, 323 (5th Cir.1981)). The district court held that the government's evidence satisfied its prima facie burden of showing a substantial connection between Grandison's drug activities and the purchase of the BMW automobile. In the absence of rebuttal evidence to the contrary, see Boas, 786 F.2d at 609, we find no error in the district court's judgment of forfeiture and it is affirmed.
 
 
 5
 AFFIRMED.